%JS 44  (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| RAHSAAN WOODS | DIVERSIFIED ADJUSTMENT SERVICE, INC. |

**(b)**  County of Residence of First Listed Plaintiff _____ | County of Residence of First Listed Defendant _____

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

Attorneys (If Known)

## II.  BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ❐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question (U.S. Government Not a Party)
- ❐ 2   U.S. Government Defendant
- ❐ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❐ 1 | ❐ 1 | Incorporated or Principal Place of Business in This State | ❐ 4 | ❐ 4 |
| Citizen of Another State | ❐ 2 | ❐ 2 | Incorporated and Principal Place of Business In Another State | ❐ 5 | ❐ 5 |
| Citizen or Subject of a Foreign Country | ❐ 3 | ❐ 3 | Foreign Nation | ❐ 6 | ❐ 6 |

## IV.  NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❐ 610 Agriculture | ❐ 422 Appeal 28 USC 158 | ❐ 400 State Reapportionment |
| ❐ 120 Marine | ❐ 310 Airplane | ❐ 362 Personal Injury - | ❐ 620 Other Food & Drug | ❐ 423 Withdrawal | ❐ 410 Antitrust |
| ❐ 130 Miller Act | ❐ 315 Airplane Product | Med. Malpractice | ❐ 625 Drug Related Seizure | 28 USC 157 | ❐ 430 Banks and Banking |
| ❐ 140 Negotiable Instrument | Liability | ❐ 365 Personal Injury - | of Property 21 USC 881 | | ❐ 450 Commerce |
| ❐ 150 Recovery of Overpayment | ❐ 320 Assault, Libel & | Product Liability | ❐ 630 Liquor Laws | **PROPERTY RIGHTS** | ❐ 460 Deportation |
| & Enforcement of Judgment | Slander | ❐ 368 Asbestos Personal | ❐ 640 R.R. & Truck | ❐ 820 Copyrights | ❐ 470 Racketeer Influenced and |
| ❐ 151 Medicare Act | ❐ 330 Federal Employers' | Injury Product | ❐ 650 Airline Regs. | ❐ 830 Patent | Corrupt Organizations |
| ❐ 152 Recovery of Defaulted | Liability | Liability | ❐ 660 Occupational | ❐ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ❐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❐ 490 Cable/Sat TV |
| (Excl. Veterans) | ❐ 345 Marine Product | ❐ 370 Other Fraud | ❐ 690 Other | **SOCIAL SECURITY** | ❐ 810 Selective Service |
| ❐ 153 Recovery of Overpayment | Liability | ❐ 371 Truth in Lending | **LABOR** | ❐ 861 HIA (1395ff) | ❐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❐ 350 Motor Vehicle | ❐ 380 Other Personal | ❐ 710 Fair Labor Standards | ❐ 862 Black Lung (923) | Exchange |
| ❐ 160 Stockholders' Suits | ❐ 355 Motor Vehicle | Property Damage | Act | ❐ 863 DIWC/DIWW (405(g)) | ❐ 875 Customer Challenge |
| ❐ 190 Other Contract | Product Liability | ❐ 385 Property Damage | ❐ 720 Labor/Mgmt. Relations | ❐ 864 SSID Title XVI | 12 USC 3410 |
| ❐ 195 Contract Product Liability | ❐ 360 Other Personal | Product Liability | ❐ 730 Labor/Mgmt.Reporting | ❐ 865 RSI (405(g)) | ❐ 890 Other Statutory Actions |
| ❐ 196 Franchise | Injury | | & Disclosure Act | **FEDERAL TAX SUITS** | ❐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❐ 740 Railway Labor Act | ❐ 870 Taxes (U.S. Plaintiff | ❐ 892 Economic Stabilization Act |
| ❐ 210 Land Condemnation | ❐ 441 Voting | ❐ 510 Motions to Vacate | ❐ 790 Other Labor Litigation | or Defendant) | ❐ 893 Environmental Matters |
| ❐ 220 Foreclosure | ❐ 442 Employment | Sentence | ❐ 791 Empl. Ret. Inc. | ❐ 871 IRS—Third Party | ❐ 894 Energy Allocation Act |
| ❐ 230 Rent Lease & Ejectment | ❐ 443 Housing/ | **Habeas Corpus:** | Security Act | 26 USC 7609 | ❐ 895 Freedom of Information |
| ❐ 240 Torts to Land | Accommodations | ❐ 530 General | | | Act |
| ❐ 245 Tort Product Liability | ❐ 444 Welfare | ❐ 535 Death Penalty | **IMMIGRATION** | | ❐ 900Appeal of Fee Determination |
| ❐ 290 All Other Real Property | ❐ 445 Amer. w/Disabilities - | ❐ 540 Mandamus & Other | ❐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ❐ 550 Civil Rights | ❐ 463 Habeas Corpus - | | to Justice |
| | ❐ 446 Amer. w/Disabilities - | ❐ 555 Prison Condition | Alien Detainee | | ❐ 950 Constitutionality of |
| | Other | | ❐ 465 Other Immigration | | State Statutes |
| | ❐ 440 Other Civil Rights | | Actions | | |

## V.  ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ❐ 2  Removed from State Court
- ❐ 3  Remanded from Appellate Court
- ❐ 4  Reinstated or Reopened
- ❐ 5  Transferred from another district (specify)
- ❐ 6  Multidistrict Litigation
- ❐ 7  Appeal to District Judge from Magistrate Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692

Brief description of cause:
Fair Debt Collection Practices Act

## VII.  REQUESTED IN COMPLAINT:

❐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ❐ No

## VIII.  RELATED CASE(S)

(See instructions):

JUDGE _____

DOCKET NUMBER _____

Explanation:

DATE
06/21/2013

SIGNATURE OF ATTORNEY OF RECORD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| RAHSAAN WOODS | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. |
| DIVERSIFIED ADJUSTMENT SERVICE, | : | |
| INC. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits.                         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.                                                                 ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court. (See reverse side of this form for a detailed explanation of special
   management cases.)                                                                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        ( )


| | | |
|---|---|---|
| 06/21/2013 | Craig Thor Kimmel | Plaintiff, Rahsaan Woods |
| Date | Attorney-at-law | Attorney for |
| | | |
| 215-540-8888 | 877-788-2864 | kimmel@creditlaw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 273 North Wycombe Ave., Lansdowne, PA 19050

Address of Defendant: 600 Coon Rapids Blvd., Coon Rapids, MN 55433

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒
*RELATED CASE, IF ANY*:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 15 U.S.C. § 1692

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Craig Thor Kimmel , counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 06/21/2013 _____ 57100
Attorney-at-Law          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 06/21/2013 _____ 57100
Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

1

## UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

2

3

RAHSAAN WOODS,                              )
                                           )
4            Plaintiff                      )
                                           )
5     v.                                    )   **Case No.:**
                                           )
6  DIVERSIFIED ADJUSTMENT SERVICE,          )   **COMPLAINT AND DEMAND FOR**
7  INC.,                                    )   **JURY TRIAL**
                                           )
8            Defendant                      )   **(Unlawful Debt Collection Practices)**

9

10

## COMPLAINT

11      RAHSAAN WOODS ("Plaintiff"), by and through his attorneys, KIMMEL &

12   SILVERMAN, P.C., alleges the following against DIVERSIFIED ADJUSTMENT SERVICE,

13   INC. ("Defendant"):

14

## INTRODUCTION

15      1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15

16   U.S.C. §1692 *et seq.* ("FDCPA").

17

## JURISDICTION AND VENUE

18      2.      Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states

19   that such actions may be brought and heard before "any appropriate United States district court

20   without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original

21   jurisdiction of all civil actions arising under the laws of the United States.

22      3.      Defendant conducts business in the Commonwealth of Pennsylvania and

23   therefore, personal jurisdiction is established.

24

25

- 1 -

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2), as Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Lansdowne, Pennsylvania, 19050, at the time of the alleged harassment.

6. Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a) and Weinrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant, DIVERSIFIED ADJUSTMENT SERVICE, INC., is a national debt collection company with its corporate headquarters located at 600 Coon Rapids Boulevard NW, Coon Rapids, Minnesota 55433.

9. Defendant is a debt collector as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

14. Upon information and belief, the alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

- 2 -

15.     Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

16.     Plaintiff never incurred any debt in connection with business or commercial activities, and therefore, the debt could only have arisen from a financial obligation for primarily personal, family or household purposes.

17.     Beginning in or around February 2013, Defendant, by and through its employees, contacted Plaintiff on his home telephone seeking and demanding payment of an alleged debt.

18.     In an attempt to determine why Defendant was calling him, Plaintiff requested that Defendant mail him information regarding the debt.

19.     Defendant, however, failed to send Plaintiff any information regarding the debt, but rather persisted in contacting Plaintiff in its attempts to collect a debt.

20.     When contacting Plaintiff, Defendant would call him at times when it was inconvenient for him to receive collection calls, specifically calling Plaintiff after 9:00 p.m.

21.     For example, on March 22, 2013, Defendant called Plaintiff at 11:50 p.m.

22.     Also, Defendant contacted Plaintiff on April 30, 2013, at 10:30 p.m.; May 8, 2013, at 10:09 p.m.; and May 16, 2013, at 11:50 p.m.

23.     Finally, within five (5) days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written notification regarding his rights to dispute the debt, request verification of the debt, and/or information about the underlying debt, including the name of the creditor and the amount of the debt.

- 3 -

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

24.     Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692c(a)(1).

      a.     A debt collector violates §1692c(a)(1) of the FDCPA by communicating with the consumer at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer, including communication between a debt collector and consumer prior to 8:00 a.m. or after 9:00 p.m.

      b.     Here, Defendant violated §1692c(a)(1) of the FDCPA by placing numerous collection calls to Plaintiff after 9:00 p.m.

### COUNT II

25.     Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692f.

      a.     A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

      b.     Here, Defendant violated §1692f of the FDCPA by calling Plaintiff multiple times a week and failing to comply with Plaintiff's request for written information regarding the debt.

### COUNT III

26.     Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §1692g.

- 4 -

a.    A debt collector violates §1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b.    Here, Defendant violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of his rights to dispute the debt or request verification of the debt or providing him with the name of the original creditor and the amount of the debt.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, RAHSAAN WOODS, respectfully prays for a judgment as follows:

      a.  All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

      b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

      d.  Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, RAHSAAN WOODS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 06·21·13

KIMMEL & SILVERMAN, P.C.

By _____
Craig Thor Kimmel
Attorney ID No. 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

- 6 -